SEVERO ALANIZ V. STATE.

No. 24360. May 4, 1949.
Rehearing Denied May 25, 1949.

*Alonzo S. Perales,* of San Antonio, and *J. O. Faith,* of Karnes City, for appellant.

*John F. May,* District Attorney, of Karnes City, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The conviction is for assault to murder with malice. Punishment was assessed at fifteen years in the penitentiary.

The argument presented in this case was on the theory that appellant was convicted of murder with malice and that there was insufficient evidence to show that he was the party who struck the fatal blow. We observe, however, that the conviction is for assault to murder. Appellant's brother was involved in the difficulty and was charged, under a separate indictment, with the same offense. Appellant sought to have the brother's testimony admitted in evidence saying that he was the one who inflicted the death wound. The complaint in this respect as well as others are embraced in four bills of exception which are found in the record. We note, however, that the motion for new trial was overruled November 27, 1948. Notice of appeal was that day given. No order is found extending the time beyond thirty days in which to file bills of exception until long after the expiration of the thirty day period. On January 23rd the court attempted to make such order extending the time. The trial court lost jurisdiction to enter that order at the expiration of thirty days. This question has been so frequently passed upon

by this court that it would hardly seem necessary to cite authorities now. The matter is regulated by statute and we have no power to change it, or to make an exception thereto.

That appellant was engaged in the difficulty resulting in the death of a party is not disputed; that he was a principal to the murder might well have been supported, had the jury so determined. We see no ground for contention that the evidence does not support the jury's finding that he was guilty of assault to murder with malice.

We are unable to consider the bills of exception, and discussion of the questions raised by them would be improper.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In the original opinion herein, we overlooked an order of the trial court dated November 27, 1948, granting appellant sixty days from and after such date to have prepared and filed his bills of exception therein. Before the expiration of such sixty days, appellant was granted a further twenty days for such purpose, thus giving him eighty days from November 27, 1948, and we find his bills of exception properly filed within such time. Therefore, we will proceed to consider the same.

Appellant and his brother, Ramon Alaniz, were in a gambling house, consisting of a small room, in Kenedy, Texas. Ramon Alaniz and the deceased, Manuel Sosa, were arguing and doubtless cursing each other. The deceased was standing with his back to a table. Appellant leaped on this table and struck the deceased with his hand and kicked him in the back. They both fell to the floor and the fight then became general. The parties then got outside the door of this gambling house, there being a narrow alleyway adjacent thereto, and deceased was seen to fall therein. He attempted to raise his body against the wall of the adjacent house and left his bloody handprint thereon. Appellant and his brother Ramon were then seen to come up to the deceased, and they both kicked and stomped him more than once. Finally, the deceased regained his feet and entered the door of such adjacent building, turned around once or twice and then fell to the floor and passed out. He was then taken out of this place and put on a bench. A taxicab was called and he was taken to a hospital, and was dead when the doctor got

to him. Appellant was seen soon after this difficulty to wash his hands and something that looked like a knife, and then place same in his hip pocket. Thereafter appellant and his brother went into the place where the deceased fell and attempted to purchase a bottle of beer and were refused. Upon appellant's early arrest a knife was found in his pocket.

The mortician testified that deceased had a knife wound into the lower quarter of the left thoracic cavity just below his left rib. This wound penetrated the heart. There was another wound, an inch and a half long, on the lower left side, which did not enter the cavity. There was a wound on the forehead where the skin had been knocked off. The left side of the face was bruised. There was a deep scratch extending from the left side of the mouth down about two inches over the jaw. The face was well bruised, and there was an open wound in the forehead, an inch and a quarter in diameter which went down to the skull. A probe was run into the heart which showed that such was a fatal wound. However, other wounds on the deceased could have caused or contributed to his death.

We think this testimony shows that appellant and his brother were acting together in the assault upon the deceased; that the acts of either were the acts of both in effecting their common design. This is not a case of the state relying alone upon circumstantial evidence for a conviction. The trial court did not charge thereon, nor was he requested to do so by appellant's attorneys, nor was his charge objected to because of such failure.

Bill of Exception No. 1 relates to the action of the trial court in overruling a motion for a continuance, such motion being based upon two grounds: First, because of the absence of Ramon Alaniz, who seemed to have been confined in a state hospital for the insane. It was admitted that Ramon Alaniz was also charged by indictment with the same offense as appellant, and under the statute, Art. 711, C. C. P., he would not be allowed to testify for appellant. It was also not shown that there was any probability of Ramon Alaniz recovering his sanity at any time.

The second ground for such continuance was based upon the following allegations: "On Nov. 8, 1948, this cause was set for trial on Monday, Nov. 15, 1948, at 10 o'clock. Special venire of 75 men was ordered. Writ returnable November 13th, 1948, at Five P.M. That order has been on the docket since Monday Nov. 8th, 1948."

Appellant's attorney complains because he did not receive

a copy of the venire until Monday, November 15th, the day of the trial, and claims that under Article 601, C. C. P., he should have received such copy of the venire one whole day prior to November 15, 1948. Nowhere in the motion, nor in the bill of exception, is it shown that appellant did not receive such copy one day previous to the calling of the case for trial, nor is it shown therein whether appellant was on bail or not. Again, the complaint is not based upon a failure to serve appellant with such copy but only the failure of appellant's attorney to receive such copy. It appears that appellant's attorney could have exercised more diligence than he did exercise. We do not think the duty of furnishing such list to appellant's attorney at any certain time is required by the statute.

The statute, Art. 601, C. C. P., reads as follows:

"No defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire, except where he waives the right or is on bail. When such defendant is on bail, he shall not be brought to trial until after one day from the time the list of persons so summoned have been returned to the clerk of the court in which said case is pending; but the clerk shall furnish the defendant or his counsel a list of the persons so summoned, upon their application therefor."

It is shown by such bill that such list of veniremen was returned to the clerk on November 13, 1948, and the record further shows that a list of the venire was handed to such attorney on the day of the trial. For aught therein shown, appellant may have been served with such copy of the venire on November 13, 1948, or he may have been on bail. This bill is therefore overruled.

Bill of Exception No. 2 relates to the offered testimony of the sheriff that after at first entering a denial of the cutting of the deceased with a knife, Ramon Alaniz (who was also under indictment for this homicide) told such sheriff that he was the one who had cut the deceased. Manual Sosa. This was offered on the ground that Ramon Alaniz was confined in the asylum and could not be present in order to so testify, and because the elements of the crime were claimed to rest upon circumstantial evidence only. It is again noted that Ramon Alaniz and his brother were indicted in separate indictments for this same killing, time and place. If Ramon Alaniz could not testify, his later statement to another of his version of the killing could not be admissible in behalf of his co-principal.

Bill No. 3 relates to a certain written statement supposedly made by Ramon to Alaniz to the district attorney admitting therein that he had cut the deceased with a knife at the time the deceased met his death. This bill is subject to the same objection as Bill No. 2 and is likewise overruled.

Bill No. 4 relates to the verdict of the jury in that after having deliberated, they returned into court a verdict of guilt of an assault to murder and a punishment of fifteen years. The trial court called to their attention the portion of the charge relative to an assault to murder and refused to accept this verdict, but directed them to retire and again consider of their verdict. They soon returned with a verdict of guilt of an assault to murder with malice and a penalty of fifteen years, which verdict the careful trial court received and they were discharged. There was no objection registered or made to such proceedings, and we see no error shown therein.

Finding no error in the record, the motion will be overruled.